**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Joel G. Verenbec

        v.                                    Civil No. 11-cv-00161-JL

Edward Reilly, Warden,
Northern New Hampshire
Correctional Facility[1]

**O R D E R**

        Before the court is an amended petition for writ of habeas
corpus (doc. no. 15), filed by pro se petitioner, Joel Verenbec.
The matter is here for preliminary review to determine whether
the claims raised in the petition are facially valid and may
proceed.  See Rule 4 of the Rules Governing Section 2254 cases
in the United States District Courts ("§ 2254 Rules").

**§ 2254 Rule 4 Standard**

        Pursuant to § 2254 Rule 4, a judge is required to promptly
examine any petition for habeas relief, and if "it plainly
appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court, the
judge must dismiss the petition."  Id.  In undertaking this
review, the court decides whether the petition contains
sufficient factual matter, accepted as true, to state a claim to

---

        [1]The original respondent was Larry Blaisdell.  The proper
respondent is Edward Reilly, Gosselin's current custodian.  The
clerk is directed to update the docket accordingly.

relief that is plausible on its face and cognizable in a federal habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).  The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status.  "As a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects."  Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

### Background

In April 2007, a grand jury in Merrimack County Superior Court ("MCSC") indicted Verenbec on one count of felonious sexual assault and two counts of aggravated felonious sexual assault ("AFSA").  The jury convicted Verenbec on both AFSA counts following a trial one year later.

The evidence in the April 2008 jury trial included the testimony of the minor victim, her aunt, and Verenbec.  Before the victim entered the courtroom, people in court could hear her crying in the hallway.  Verenbec's defense counsel moved for a recess to allow the victim to regain composure.  The trial judge denied that motion and allowed the victim to enter the court in

tears.  A member of Verenbec's family observed one juror begin
to cry in response to the victim's outburst.

The evidence included the testimony of the victim's aunt,
Lena Martin, who testified that the victim told her about the
assaults during a summer vacation spent with Martin.  Shortly
before trial, Verenbec's attorney had asked the state if it had
information about a rumor that Martin was a "pornography star."
The state made inquiries and disclosed to defense counsel,
before the jury was empaneled, facts to which Martin testified
at trial:  she was a nude model, a Playboy model of the year,
and had modeled for "Video Bliss."

After the jury convicted Verenbec, he was sentenced to five
to ten years, stand committed.  Verenbec filed a motion for a
new trial in the MCSC, asserting that he had discovered
additional evidence of Martin's involvement in pornographic
photos and videos, which could have been used to impeach Martin
and to provide an alternative basis for the victim's sexual
knowledge.[2]  The MCSC denied the motion.  See Doc. No. 15-13, at

---

[2]In the October 31, 2011, Order (doc. no. 2), this court
stated that Verenbec had argued in the new trial motion that the
state was aware of or reasonably should have been aware of
impeachment evidence, but failed to give it to defendant
pretrial.  That finding was based on this court's record as it
existed at that time.  Upon review of a fuller record, this
court reconsiders its earlier finding and concludes, for reasons
stated herein, that Verenbec has not demonstrated that he raised
a claim under Brady v. Maryland, 373 U.S. 83 (1963), in the
state courts.

1 (<u>State v. Verenbec</u>, Nos. 07-S-0579-0580 (N.H. Super. Ct.,
Merrimack Cnty., Oct. 9, 2008)).  Verenbec filed an appeal in
the New Hampshire Supreme Court ("NHSC"), which upheld the
denial of the new trial motion on May 14, 2010.  <u>See</u> Doc. No.
15-13, at 26 (<u>State v. Verenbec</u>, No. 2009-0110 (N.H. May 14,
2010)).

Verenbec filed a § 2254 petition for federal habeas relief
in this court in 2011.  This court stayed that petition, after
finding that it contained unexhausted claims, and directed
Verenbec to return to the state courts to exhaust his remedies
there as to all of his claims.  <u>See</u> Oct. 31, 2011, Order (doc.
no. 2).

Verenbec, who had not timely filed a notice of mandatory
appeal as to his conviction and sentence in the NHSC, sought
leave to file a late appeal, but the NHSC denied that motion.
<u>See</u> Doc. No. 15-13, at 11 (<u>State v. Verenbec</u>, No. 2011-0854
(N.H. Jan. 6, 2012)).  Verenbec then filed a petition for writ
of habeas corpus in Coos County Superior Court ("CCSC").  <u>See</u>
Doc. Nos. 15-13 at 18; 15-17; and 15-18.  The CCSC granted
respondent's motion to dismiss Verenbec's petition.  <u>See</u> Doc.
No. 15-13, at 22 (<u>Verenbec v. Wrenn</u>, No. 214-2012-CV-36 (N.H.
Super. Ct., Coos Cnty. Apr. 18, 2012).  The NHSC declined to
accept Verenbec's discretionary appeal of that order.  <u>See</u> Doc.

No. 15-13 at 25 (<u>Verenbec v. Comm'r</u>, No. 2012-0385 (N.H. Feb. 6, 2013)).

Verenbec filed a status report in this case asserting that he had exhausted his claims in the state courts.  The court issued an order lifting the stay and directed Verenbec to amend his § 2254 petition to demonstrate exhaustion.  <u>See</u> Endorsed Order (Feb. 22, 2013).  Verenbec filed an amended petition (doc. no. 15) with exhibits.

Verenbec has asserted the following claims for federal habeas relief in this action:

> 1.   The prosecutor's failure to disclose, prior to trial, photographs and other evidence concerning Lena Martin's experience as a model and actress in pornographic videos, which could have been used to impeach her and also provided an alternative explanation of the victim's sexual knowledge, violated Verenbec's rights to due process and a fair trial under the Fourteenth Amendment, as set forth in <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

> 2.   Verenbec's conviction was obtained in violation of his right to due process under the Fourteenth Amendment, in that his conviction was based on the prosecution's reliance on witness Lena Martin's deliberately deceptive testimony.

> 3.   Verenbec's defense counsel at trial and at sentencing provided ineffective assistance, in violation of Verenbec's Sixth Amendment right to counsel, in that his counsel, Attorney Paul Maggiotto:

> > (a)   failed to move for a continuance to allow time for further investigation of a rumor that Lena Martin was an actress in pornographic films, where such investigation would have revealed evidence that could have been used to impeach Martin and to provide an alternative explanation for the victim's sexual knowledge;

(b)   failed to investigate adequately the rumor that Lena Martin was an actress in pornographic films;

(c)   failed to move for leave to re-depose Lena Martin to discover whether she used an alias in her career in the pornographic film industry;

(d)   failed to move for a curative instruction, a mistrial, or a hearing to examine juror bias, and did not adequately press his motion for a recess, when members of the jury witnessed the minor victim's emotional outburst prior to her testimony;

(e)   failed to call as an expert Verenbec's treating physician, Dr. Brian Marsh, who would have testified that the absence of HIV infection in the minor victim was consistent with the defense theory that the assaults had not occurred;

(f)   failed to move for or require a physical examination of the minor victim to test her for HIV;

(g)   failed to prepare for cross-examination of the minor victim's pediatrician;

(h)   failed to object to the prosecutor's comments in summation describing the assaults as particularly wanton due to Verenbec's HIV status, for the purpose of prejudicing the jury, where the evidence on the issue had been that the risk of infection was very low;

(i)   failed to adequately direct the court to consider Verenbec's favorable polygraph test results as a mitigating factor in sentencing;

(j)   failed to challenge the sufficiency of Verenbec's indictment on two counts of "pattern" aggravated felonious sexual assault; and

(k)   failed to challenge Verenbec's conviction on the "pattern" aggravated felonious assault charges, on double jeopardy grounds.

4.   Verenbec's conviction was obtained in violation of his rights to due process and a fair trial under the Sixth and Fourteenth Amendments, in that:

(a)   the trial court failed to issue a curative instruction, declare a mistrial, conduct a hearing concerning the possibility of juror bias, or take other action to ensure that the minor victim's emotional outburst in the courthouse had not tainted the sitting jury; and

(b)   the prosecutor's summation prejudiced the jury by arguing that the assaults were particularly wanton, in light of Verenbec's HIV status, where the only evidence on the issue had been that the risk of infection was one in twenty thousand.

5.   Verenbec's indictment and conviction on two counts of pattern aggravated felonious sexual assault violated the Fifth Amendment's Double Jeopardy Clause.

## Discussion

The standard applied by this court in determining if a claim is exhausted is set forth in this court's October 31, 2011, order (doc. no. 2).  Applying that standard, the court finds that Verenbec has demonstrated exhaustion as to Claims 2, 3(b), 3(d)-3(k), 4(a), and 5.

Verenbec has failed, however, to demonstrate exhaustion of the remaining claims in the case (Claims 1, 3(a), 3(c), and 4(b)).  While Verenbec has shown that he asserted in the state courts that his conviction -- in light of Martin's testimony which he characterizes as deceptive -- violated his federal rights to due process and a fair trial, he has not shown that he presented a Brady claim to the NHSC.  Similarly, while Verenbec

raised a Sixth Amendment ineffective assistance of counsel claim based on Attorney Maggiotto's failure to object to the prosecutor's summation, he failed to raise in the state courts a separate due process challenge to that summation.  Finally, Verenbec failed to exhaust as separate claims in the state courts his claims here that Attorney Maggiotto provided ineffective assistance by failing to move either to continue the trial or to re-depose Martin.

The possibility remains that Verenbec in fact exhausted his state court remedies as to those claims but has not yet demonstrated as much to this court; Verenbec has not provided this court with the appendix he filed in the NHSC in support of his motion for leave to file a late appeal, in NHSC Case No. 2011-0854, or the notice of appeal filed in the NHSC as to his motion for a new trial, in NHSC Case No. 2009-0110.  Lacking the necessary documentary evidence, this court cannot find that Verenbec exhausted his state court remedies as to Claims 1, 3(a), 3(c), and 4(b).

A "mixed" petition, one that contains both exhausted and unexhausted claims, is subject to dismissal for lack of complete exhaustion.  See Pliler v. Ford, 542 U.S. 225, 233 (2004).  To avoid dismissal of a mixed petition, a petitioner may move to

amend her or his § 2254 petition to omit the unexhausted claims, and proceed only on the exhausted claims.  Verenbec should be aware, however, that should he choose to forego the unexhausted claims, he will likely lose the chance to seek federal habeas relief on the foregone claims, due to the prohibition of second or successive § 2254 petitions in 28 U.S.C. § 2244(b).

## Conclusion

For the foregoing reasons, the court grants Verenbec thirty days from the date of this order to file either:

1.   A motion to amend the petition to forego Claims 1, 3(a), 3(c), and 4(b), so that the petition, as amended, will contain only exhausted claims (Claims 2, 3(b), 3(d)-3(k), 4(a), and 5); or

2.   A motion to amend the petition to add exhibits to demonstrate exhaustion of Claims 1, 3(a), 3(c), and 4(b), including, for example --

- the appendix to the motion for leave to file a late appeal in NHSC Case No. 2011-0854;

- the notice of appeal in NHSC Case No. 2009-0110; and/or

- any other documents derived from the NHSC docket, which demonstrate exhaustion of those claims.

Verenbec's failure to comply with this order may result in a recommendation that the petition be dismissed without prejudice because it includes unexhausted claims.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

June 10, 2013

cc:  Joel Verenbec, pro se

LBM:nmd