UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Joel G. Verenbec

    v.                                    Civil No. 11-cv-00161-JL

Warden, Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**

     Before the court is petitioner Joel Verenbec's response (doc. no. 20) to this court's August 21, 2013, order (doc. no. 19).  In that response, Verenbec moves to amend his § 2254 petition to delete Claims 1, 3(a), 3(c), and 4(b), acknowledging that in doing so, he will likely forego the ability to seek relief on those claims in a later-filed § 2254 petition.

     This court previously found that Verenbec had failed to demonstrate exhaustion of Claims 1, 3(a), 3(c), and 4(b), see Order (Aug. 21, 2013) (doc. no. 19).  The court further found that because Verenbec had exhausted his state court remedies as to the remaining claims in the petition (Claims 2, 3(b), 3(d)-(k), 4(a), and 5), his petition was a "mixed" petition.  While Verenbec notes, in his response (doc. no. 20), his disagreement with the court's findings as to Claims 1, 3(a), 3(c), and 4(b), and further asserts that the "State Court proceedings did not provide a forum to fully litigate the issues," the relief he

seeks is an order allowing him to amend the petition to delete those claims.

A district court has discretion either: to dismiss without prejudice a "mixed" petition; to stay the petition to allow the petitioner to exhaust the state court remedies completely; or to allow the petitioner an opportunity to delete unexhausted claims.  See DeLong v. Dickhaut, 715 F.3d 382, 387 (1st Cir. 2013).  In the August 21 Order (doc. no. 19), this court concluded that the record suggested no basis upon which Verenbec could show good cause to warrant a second stay of his petition, where he failed to exhaust his remedies during the first stay of his petition.  Therefore, for reasons set forth in the August 21 Order (doc. no. 19) and in this report and recommendation, the court should grant the motion (doc. no. 20) to delete Claims 1, 3(a), 3(c), and 4(b), so that all claims remaining in the petition, as amended, will be exhausted.

## Conclusion

For the foregoing reasons, the court should grant Verenbec's motion (doc. no. 20) to delete Claims 1, 3(a), 3(c), and 4(b) from the petition.  If this report and recommendation is approved, the only claims remaining in the § 2254 petition will be Claims 2, 3(b), 3(d)-(k), 4(a), and 5, as identified in the June 10, 2013 order (doc. no. 16).

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya B. McCafferty
United States Magistrate Judge

September 20, 2013

cc: Joel Verenbec, pro se

LBM:nmd