## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Joel G. Verenbec</u>

    v.                                              Civil No. 11-cv-161-LM
                                                Opinion No. 2015 DNH 127
<u>Warden, Northern New Hampshire
Correctional Facility</u>

### O R D E R

Before the court is § 2254 petitioner Joel Verenbec's motion to reconsider (doc. no. 40) the court's September 25, 2014 Order (doc. no. 39), to the extent that the Order denied Verenbec's request for an evidentiary hearing and granted the respondent warden's motion for summary judgment on all but one claim for relief. The warden has not objected to Verenbec's motion for reconsideration (doc. no. 40).

Local Rule 7.2(d) states that a "motion to reconsider an interlocutory order of the court . . . shall demonstrate that the order was based on a manifest error of fact or law." Verenbec asserts, among other things, that this court erred in concluding that the state courts adjudicated any of his claims on the merits, and in declining to hold an evidentiary hearing on the claims resolved in the September 25, 2014, Order (doc. no. 39). Additionally, Verenbec asserts that there are factual issues that warrant resolution only after an evidentiary

hearing, and that this court's rejection of his claims will result in the continued incarceration of an innocent man.

I. Claims Adjudicated on the Merits in State Courts

This court's review of claims adjudicated on the merits in the state courts is limited to the state court record. See Cullen v. Pinholster, 131 S. Ct. 1388, 1398, 1400 (2011); see also 28 U.S.C. § 2254(d)(1). In the September 25, 2014 Order (doc. no. 39), this court found that Claims 3(a)-(b), Claim 3(d) (in part), and Claims 3(e)-(i), were adjudicated on the merits in the state courts. This court has reviewed the record in light of Verenbec's assertions and finds no error in its determination regarding which claims had been adjudicated on the merits by the state courts. Therefore, as to each of those claims, a hearing would not yield evidence that could be deemed relevant to the resolution of Verenbec's § 2254 petition.

The court has reviewed the record as to its resolution of each of those claims determined on the merits in the state courts and finds no error in its previous ruling that the state court's determination was reasonable and not contrary to any Supreme Court precedent. Accordingly, as to Claims 3(a)-(b), Claims 3(e)-(i), and Claim 3(d) (in part), the motion to reconsider the summary judgment order is denied.

2

II.  Remaining Claims

    Of the claims resolved in the September 25, 2015 Order (doc. no. 39), only Claim 2 and a portion of Claim 3(d) (relating to Attorney Maggiotto's failure to press his motion for a recess) were not adjudicated on the merits in the state courts.  As to those remaining claims, this court concludes that Verenbec had not made the showing necessary to demonstrate the existence of any genuine issue of material fact, which could warrant an evidentiary hearing and reconsideration of the summary judgment order.  A "habeas judge, before granting an evidentiary hearing," must determine whether the petitioner has shown that "his allegations would entitle him to relief and [that] the hearing is likely to elicit the factual support for those allegations."  Teti v. Bender, 507 F.3d 50, 62 (1st Cir. 2007).  Section 2254(e)(2) further provides that if a petitioner moves for an evidentiary hearing to develop the factual basis for a claim that he failed to develop in the state courts, the federal court must deny the request unless the petitioner shows that the claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence," 28 U.S.C. § 2254(e)(2)(A)(ii), and that the "facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no

reasonable fact-finder would have found the applicant guilty of the underlying offense." Id. § 2254(e)(2)(B).

Verenbec has not made the requisite showing under § 2254(e)(2) as to the portion of Claim 3(d) dealing with Attorney Maggiotto's failure to press his motion for recess. Verenbec has not shown that he exercised due diligence when he failed to develop this claim in the state courts. Verenbec obtained unsworn witness statements regarding his claim that two jurors sitting in the jury box appeared to hear and react to the victim's crying outside of the courtroom and her continued crying or sniffling as she entered the courtroom, but Verenbec has not shown why he could not obtain sworn statements. Furthermore, he has not shown by clear and convincing evidence that but for counsel's failure to press his motion for a recess more vigorously, no reasonable juror would have found him guilty. Such a showing would require Verenbec to demonstrate that, had the trial court granted a recess immediately before the eleven-year-old victim began testifying (thereby mitigating any impact that her crying before testifying may have had on jurors), no reasonable juror would have believed her testimony that Verenbec sexually assaulted her. Verenbec has failed to make the requisite showing here. Accordingly, Verenbec has not shown that an evidentiary hearing in this court is properly held on Claim 3(d) with respect to counsel's failure to press his

motion for a recess, and Verenbec has not shown that there is any error in this court's underlying ruling granting summary judgment on Verenbec's Sixth Amendment ineffective assistance of counsel claim relating to Attorney Maggiotto's failure to press his motion for a recess.

Similarly, as to Claim 2, Verenbec has not made the requisite showing to warrant an evidentiary hearing.  Claim 2 is Verenbec's due process claim that the prosecutor knowingly put forward false testimony, when the victim's aunt did not disclose that she used an alias in the pornography industry, and that there were images of her on the Internet engaging in sex acts with other women.  Verenbec has not shown that an evidentiary hearing would disclose that the prosecutor knew that any part of the witness's testimony was untrue.  Furthermore, he has not shown that he exercised due diligence in the state courts with respect to establishing the factual predicate for that claim.  Verenbec has thus failed to satisfy his burden under § 2254(e) with respect to his request for a hearing as to Claim 2.  Moreover, he has not shown that there is any error in this court's underlying ruling granting summary judgment on the due process claim relating to the aunt's testimony.

Accordingly, this court declines to reconsider its September 25, 2014 Order (doc. no. 39).  Because Verenbec has not otherwise demonstrated that the September 25, 2014 Order

(doc. no. 39) is based on any error of law or fact, the court denies the motion to reconsider (doc. no. 40) that Order.

## Conclusion

For the foregoing reasons, the court denies Verenbec's motion (doc. no. 40), seeking reconsideration of the September 25, 2014 Order (doc. no. 39).

SO ORDERED.

_____
Landya McCafferty
United States District Judge

June 22, 2015

cc:   Joel Verenbec, pro se
      Elizabeth C. Woodcock, Esq.